## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN EDGAR WILLIAMS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  15-CV-00028-JED-FHM |
| | ) | |
| DENNIS MILLER; | ) | |
| TULSA COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, John Edgar Williams, III, a prisoner appearing *pro se* and proceeding *in forma pauperis*, *see* Doc. 3.  By Order filed February 9, 2015 (Doc. 6), the Court dismissed Defendant Tulsa County Sheriff's Office.  On May 29, 2015, Defendant Miller filed a motion to dismiss for failure to state a claim (Doc. 12). Defendant also filed a Special Report (Doc. 13), as directed by the Court.  Plaintiff filed a response to Defendant's motion to dismiss (Doc. 15).  For the reasons discussed below, Count III shall be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  In addition, Defendant's motion to dismiss shall be denied and Defendant shall file a motion for summary judgment addressing Counts I and II.

### BACKGROUND

In his complaint (Doc. 1), Plaintiff alleges that, on May 17, 2014, he was subjected to an excessive use of force while in custody at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail, when Defendant Miller stunned him with a Taser.  Plaintiff claims he was walking from his pod to the medical unit unescorted when Defendant ordered him to return

to his pod. *Id.* at 6.  Defendant, followed by two other officers, escorted Plaintiff back to his pod and told Plaintiff that he would have to wait for an escort to take him to the medical unit.  *Id.* Plaintiff states that "[b]efore the slider shut, I tossed my inhaler to the floor.  The officers turned back and the slider reopened.  Cpl. Miller told me to pick up the inhaler and I refused.  He pulled out the Taser, I put up my hands, and he tazed me." *Id.*  Plaintiff further claims that, when he fell to the floor after Defendant stunned him with a Taser, he hurt his back, and that he experienced embarrassment as a result of urinating on himself during the event. *Id.* at 3.

Plaintiff filed this civil rights action on January 16, 2015. *Id.*  Based on the events described above, Plaintiff identifies three (3) counts[1]:

| Count I: | Cpl. Miller used excessive force against me. |
|---|---|
| Count II: | When my body locked up and I fell to the floor, my back was hurt. |
| Count III: | As I were [sic] being tazed, I urinated on myself.  I was humiliated for seeking medical care. |

*Id.* at 2-3.  In his request for relief, Plaintiff seeks $10,000 from Defendant Miller as well as "a refund of everything that has been charged from inmate account." *Id.* at 5.

Defendant Miller filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), based on Plaintiff's "fail[ure] to identify any substantive law on which he bases his claims."  Doc. 12 at 3.  Plaintiff filed a response to the motion to dismiss, asserting that Defendant's use of force violated the Eighth Amendment and that "Defendant intentionally denied, and delayed access to medical care." *Id.* at 2 (citation omitted).

---

[1] Plaintiff provides additional factual allegations in support of his claims.  *See* Doc. 1 at 6-7.  In describing Plaintiff's claims, the Court includes only Plaintiff's first sentences for the three counts.

*ANALYSIS*

**A. Standard for dismissal**

In considering a Rule 12(b)(6) dismissal motion, the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2] The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true--even if doubtful in fact--and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," a court should dismiss the cause of action. *Id.* at 558.

Under this standard, the Court should broadly construe a pro se plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction the Court gives the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts," *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990), and a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d

---

[2] The Supreme Court articulated the pleading standard for all civil actions in *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

1170, 1175 (10th Cir. 1997). Even so, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under Rule 8(a)(2), a pleading "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The inclusion of factual allegations that are "more than labels and conclusions" and pled with some specificity fulfills these requirements, *id.* at 555, and "failure to set forth in the complaint a theory upon which the plaintiff could recover does not bar a plaintiff from pursuing a claim." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1121 (10th Cir. 2005) (citation omitted); *Misco Leasing, Inc. v. Keller*, 490 F.2d 545, 548 (10th Cir. 1974) (stating "it is not necessary to allege the particular law or theory under which recovery is sought").

**B. Request for relief based on "humiliation" (Count III) shall be dismissed**

In Count III, Plaintiff seeks damages for alleged personal "humiliation" suffered when he urinated on himself. *See* Doc. 1 at 3. Allegations of embarrassment or humiliation fail to state a cognizable claim under section 1983. *Chavez v. Cty. Jail of San Bernardino*, 2015 WL 1565469, *3 (C.D. Cal. Apr. 8, 2015) (citing *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *overruled on other grounds as recognized in Wood v. Ostrander*, 879 F.2d 583, 589 (9th Cir. 1989)); *see also Paul v. Davis*, 424 U.S. 693, 712 (1976); *Payton v. Vaughn*, 798 F. Supp. 258, 262

4

(E.D. Pa. 1992) ("Embarrassment alone because of casual observances by others does not offend the constitution."). For that reason, Plaintiff's claim in Count III fails to state a claim upon which relief may be granted and shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.  Defendant's motion to dismiss shall be denied

Defendant Miller requests that the complaint be dismissed for failure to state a claim because Plaintiff "failed to identify any substantive law on which he bases his claims." Doc. 12 at 3. Defendant argues that "Plaintiff's Complaint is devoid of any specific claims as to any constitutional violation against Defendant Miller, and it is improper for the Court to enable Plaintiff to proceed on a claim that he, himself did not allege." *Id.* at 5. Defendant also complains that Plaintiff did not "use pertinent language, which would identify [a constitutional] claim," Doc. 12 at 5, and questions whether two references to 42 U.S.C. § 1983 are sufficient to put him on notice of the claims against him. *Id.*

In Count I, Plaintiff clearly alleges that "Cpl. Miller used excessive force against me." Doc. 1 at 2. To support this allegation, Plaintiff includes a fairly detailed narrative, describing the sequence of events before and after Defendant stunned Plaintiff with a taser. These details include the date, time, and place of the event, as well as a description of the actions of the participants. In Count II, Plaintiff alleges that he was denied a prompt breathing treatment and medical treatment for his back.

For at least three reasons, the Court finds the allegations in Counts I and II are sufficient to state a claim. First, at the pleading stage "it is not necessary to allege the particular law . . . under which recovery is sought." *Misco Leasing, Inc.*, 490 F.2d at 548 (citation omitted). Second, although Plaintiff fails to identify the specific constitutional amendment at issue in the complaint, that failure is not fatal to the complaint as long as the defendant has "fair notice of what the . . .

5

claim is and the grounds [facts] upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiff uses the term "excessive force" and includes a detailed description of the event underlying his claim that could be brought under a theory of excessive force. He also complains of inadequate or delayed medical treatment. The Court finds the complaint is sufficient to provide Defendant with fair notice of the claims against him. Third, the multiple references to 42 U.S.C. § 1983 on the court-approved form used by Plaintiff, including the reference in the caption which states "CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983," provide Defendant with ample notice of the federal law supplying the basis for Plaintiff's claims.

Based on the facts alleged and assuming Plaintiff was a pretrial detainee at the time of the incident, the Court liberally construes Plaintiff's complaint as stating claims of excessive use of force and denial of adequate medical care, in violation of Plaintiff's rights under the Fourteenth Amendment.[3] Therefore, the Court finds the motion to dismiss shall be denied. Defendant Miller shall file a motion for summary judgment addressing the claims raised in Counts I and II.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Count III is **dismissed without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Defendant's motion to dismiss (Doc. 12) is **denied**.

3.      Counts I and II of Plaintiff's complaint are liberally construed as stating claims of excessive use of force and denial of adequate medical care in violation of the Fourteenth Amendment.

---

[3] In response to the motion to dismiss, Plaintiff asserts, for the first time, that his excessive force claim is based on the Eighth Amendment. However, with regard to claims of excessive force, the Eighth Amendment applies to convicted individuals, while the Due Process Clause of the Fourteenth Amendment applies to individuals between the time of initial arrest and conviction. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014).

4.     Within twenty-one (21) days of the entry of this Order, Defendant Miller shall file a motion for summary judgment addressing Plaintiff's claims of excessive use of force (Count I) and denial of adequate medical care (Count II) in violation of the Fourteenth Amendment.

5.     Plaintiff shall file a response within twenty-one (21) days of the filing of Defendant's motion for summary judgment. **Failure to file a response could result in the entry of relief requested in the motion. See LCvR 7.2(e),(f).**

**DATED** this 21st day of December, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE